UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DANIEL ALEJANDRO PARRA-CALDERON,

Petitioner,

v. Case No. 3:26-cv-2364-MMH-PDB

SECRETARY MARKWAYNE MULLIN, et al.,

Respondents.

**ORDER**

Petitioner Daniel Alejandro Parra-Calderon, an immigration detainee, initiated this action by filing through counsel a Petition for Writ of Habeas Corpus (Doc. 1) on September 9, 2026. Parra-Calderon, a citizen of Colombia, was removed from the United States on February 22, 2024. Doc. 10-1 at 16. Parra-Calderon subsequently re-entered the United States, and a border patrol agent detained him on April 16, 2024. Id. The United States Department of Homeland Security (DHS) issued a notice of expedited removal. Id. at 9. Parra-Calderon asserted a fear of persecution or torture, which the immigration officials found to be credible. Id. at 16. Therefore, on March 15, 2024, DHS issued Parra-Calderon a notice to appear, placing him in full removal proceedings under section 240 of the Immigration and Nationality Act (INA) and directing that he appear before an immigration judge to show cause

why he should not be removed from the United States on May 29, 2024. Id. at 11. He was released on parole. Id. at 16. On August 4, 2026, United States Immigration and Customs Enforcement detained Parra-Calderon. Id. at 15.

In Count Two of Parra-Calderon's Petition, he argues that he is not subject to mandatory detention under 8 U.S.C. § 1225(b). Doc. 1 at 18–20. As relief, he seeks, inter alia, immediate release. Id. at 25. The Federal Respondents filed a Response (Doc. 10) asserting that DHS is detaining Parra-Calderon under 8 U.S.C. § 1225(b)(1)(B)(ii), which mandates that Parra-Calderon be detained while his asylum petition is pending. Id. at 2–3.

The Court finds that Parra-Calderon is not properly detained under § 1225(b)(1)(B)(ii) as the Federal Respondents contend. While § 1225(b)(1)(B)(ii) requires mandatory detention following a positive credible fear finding,[1] DHS chose not to enforce that provision and instead, released Parra-Calderon on bond.

Indeed, the United States Court of Appeals for the Eleventh Circuit recently concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir.

[1] "If the officer determines at the time of the interview that an alien has a credible fear of persecution[,] . . . . the alien shall be detained for further consideration of the application for asylum." 8 U.S.C. § 1225(b)(1)(B)(ii).

2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Parra-Calderon, who was initially detained for expedited removal proceedings but released on bond after a positive credible fear finding, its reasoning applies to this case. Parra-Calderon was not seeking entry at the border when he was re-detained. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the INA). Thus, his detention is properly governed by § 1226.

Because the Court finds that Parra-Calderon is not properly detained under § 1225(b)(1), and the Federal Respondents fail to substantively address any alternative, the Court finds that release is the appropriate remedy. See Fonseca, 2026 WL 1072778, *5 (finding immediate release to be the appropriate remedy based on the government's inability to guarantee that a bond hearing would be held[2]).

[2] In the Fonseca case, the federal respondents represented that they would attempt to "facilitate" a bond hearing if the Court ordered one. Fonseca, 2026 WL 1072778, at *5. Here, the Federal Respondents did not include that statement in its Response. But the Court still finds that release is appropriate here. The Federal Respondents certify that Parra-Calderon is held under § 1225(b)(1), see Doc. 10 at 2, and the Court finds that § 1225(b)(1) does not apply. Thus, without any lawful basis for this detention, Parra-Calderon is entitled to immediate release.

Accordingly, it is **ORDERED**:

1. Parra-Calderon's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to Count Two.[3] Respondents shall release Parra-Calderon **within 24 hours of this Order**, and they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2. Respondent Warden's Motion to Dismiss (Doc. 9) is **DENIED**. See, e.g., Fonseca, 2026 WL 1072778, *4–5.

3. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition as to Count Two, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 29th day of September, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 9/25
c:
Counsel of record

---

[3] The Court need not address Parra-Calderon's remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").